**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  Sheba D. Muharib          §     CHAPTER 13
         2803 Peninsulas Drive      §
         Missouri City, TX  77459    §     CASE NO. 26-30106-H1
                           §
            DEBTOR          §
                           §

---

**CHAPTER 13 TRUSTEE'S MOTION TO DISMISS OR CONVERT**

---

This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response withn 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

There will be a hearing on this motion on April 14, 2026 at 10:00 am in courtroom at the following address:   U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 404, 4TH FLOOR, HOUSTON, TX  77002-0000.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee moves the court to Dismiss or Convert the above-referenced case for the following reasons:

**X**      The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan.

**X**      Payments due pursuant to  U.S.C. § 1326(a)(1)  have not been made.

        Debtors failed to appear for the Meeting of Creditors and this constitutes a failure to appear in proper prosecution of the case for purposes of subsequent eligibility under 11  U.S.C. § 109.

**X**      The Debtors have not filed their Federal Income Tax return for the following years:  2022, 2023, 2024 (INCOME) & 2022, 2023, 2024 (WT-FICA & FUTA).  Therefore the Debtors are not able to meet the burde of proving that the Plan complies with 11  U.S.C. § 1322 (a) (2).

        The Debtors have caused unreasonable delay that is prejudicial to the Creditors.

        Other:

Wherefore, the Trustee requests that the case be dismissed or converted to Chapter 7 , whichever shall be determined in the best interest of creditors.

Dated: March 10, 2026

/s/ David G. Peake

David G. Peake
Standing Chapter 13 Trustee
1 Sugar Creek Center Blvd, Ste. 300
Sugar Land, TX  77478
court@peakech13trustee.com
(713) 283-5400 Telephone

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties  (if listed) by mailing a copy of same to the address listed below via first class mail March 10 , 2026.

Electronically signed by
David G. Peake, Chapter 13 Trustee
1 Sugar Creek Center Blvd, Ste. 300
Sugar Land, TX  77478
court@peakech13trustee.com
(713) 283-5400 Telephone

Debtor's Attorney of Record:
EMIL SARGENT
2855 MANGUM ROAD
SUITE A-569
HOUSTON, TX  77092

Debtor:
Sheba D. Muharib
2803 Peninsulas Drive
Missouri City, TX  77459

AIS PORTFOLIO SERVICES LP
ATTN: ALLY BANK DEPARTMENT
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY, OK  73118

ALBERTELLI LAW
6565 N MACARTHUR BLVD SUITE 470
IRVING, TX  75039

ALLY BANK
C/O AIS PORTFOLIO SERVICES, LP
4515 N SANTA FE AVE. DEPT. APS
OKLAHOMA CITY, OK  73118

ALLY BANK
PAYMENT PROCESSING CENTER
PO BOX 660618
DALLAS, TX  75266-0618

AMERICAN EXPRESS NATIONAL BANK
BECKET AND LEE LLP
PO BOX 3001
MALVERN, PA  19355-0701

AMEX
PO BOX 6789
SIOUX FALLS, SD  57117

BUREAUS INVESTMENT GROUP PORTFOLIO N(
15 LLC
PO BOX 788
KIRKLAND, WA  98083-0788

CAVALRY SPV I LLC
PO BOX 27288
TEMPE, AZ  85285

CHASE BANK
PO BOX 15548
WILMINGTON, DE  19886

Cuyahoga County Treasurer
P.O. Box 94547
Cleveland, OH  44101

Damon Hickerson
c/o Dion A. Craig
P.O. Box 52845
Houston, TX  77052

DFW Tele Tech
3200 Bonnie Drive
Fort Worth, TX  76116

Discover Bank
P.O. Box 71242
Charlotte, NC  28272

EMIL SARGENT
2855 MANGUM ROAD
SUITE A-569
HOUSTON, TX  77092

FINANCIAL CASUALTY & SURETY INC
2500 CITYWEST BLVD SUITE 1150
HOUSTON, TX  77042

FORT BEND COUNTY
LINEBARGER GOGGAN BLAIR & SAMPSON LLP
PO BOX 3064
HOUSTON, TX  77253-3064

FORT BEND COUNTY
1317 EUGENE HEIMANN CIRCLE
RICHMOND, TX  77469

INTERNAL REVENUE SERVICE***
P O BOX 7317
PHILADELPHIA, PA  19101-7317

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 772813
CHICAGO, IL  60677-2813

JPMORGAN CHASE BANK N.A.
S/B/M/T CHASE BANK USA N.A.
PO BOX 15368
WILMINGTON, DE  19850

Lake Olympic Civic Association
c/o Daughty & Farine, P.C.
17044 El Camino Real
Houston, TX  77058

LINEBARGER GOGGAN BLAIR & SAMPSON LLP
PO BOX 3064
HOUSTON, TX  77253

NAVITAS CREDIT CORP
HOSTO & CARDIS PLLC
PO BOX 3397
LITTLE ROCK, AR  72203

NAVY FEDERAL CREDIT UNION
PO BOX 3000
MERRIFIELD, VA  22119-3000

Patrick O'Connor & Associates
Dept. 523
P.O. Box 4458
Houston, TX  77210

PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 12914
NORFOLK, VA  23541

QUANTUM3 GROUP LLC
PO BOX 2489
KIRKLAND, WA  98083

RESERVE HOA FEES
, TX

ROBERTSON ANSCHUTZ SCHNEID CRANE &
PARTNERS PLLC
13010 MORRIS RD, SUITE 450
ALPHARETTA, GA  30004-5197

SELENE FINANCE LP
3501 OLYMPUS BLVD. SUITE 500
DALLAS, TX  75019

SERVICE FINANCE COMPANY
555 S FEDERAL HWY #200
BOCA RATON, FL  33432

SYNCHRONY BANK BY AIS INFOSOURCE LP AS
AGENT
PO BOX 4457
HOUSTON, TX  77210-4457

SYNDICATE GROUP USA INC
JEREMY S WILLIAMS KUTAK ROCK LLP
1021 E CARY STREET STE 810
RICHMOND, VA  23219

T MOBILE/T MOBILE USA INC
BY AMERICAN INFOSOURCE LP AS AGENT
PO BOX 248848
OKLAHOMA CITY, OK  73124-8848

U.S. Bank Trust National Association
Robertson, Anschutz, Schneid, Crane & Pa
13010 Morris Rd., Suite 450
Alpharetta, GA  30004

US BANK
PO BOX 21948
SAINT PAUL, MN  55121

WELLS FARGO BANK, N.A.
1 HOME CAMPUS
MAC# F2302-04C
DES MOINES, IA  50328

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:                                          §    CASE NO. 26-30106-H1

Sheba D. Muharib                    §
                                                     §
                                                     §
DEBTOR                               §
                                                     §    CHAPTER 13
                                                     §

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed.  The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order.  The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

   (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

   (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

   (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

   (d) Fourth, the balance in any other Reserve account to the Debtor;

   (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

   (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

   (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order.  The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

_____
MARVIN ISGUR
United States Bankruptcy Judge